## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI MARIE TURK, LUANN RUTHERFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUBBERMAID INCORPORATED<br><br>Defendant. | Case No.: 7:21-cv-00270-KMK<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANT RUBBERMAID INCORPORATED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................. 1

BACKGROUND .................................................................................................. 4

ARGUMENT ....................................................................................................... 6

I.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NYGBL .............................. 7

   A.  Plaintiffs' NYGBL Claims Should Be Dismissed Because They Fail to Allege That They Saw the Supposedly Misleading Statements Before Purchasing the Coolers ................................................................................ 7

   B.  Plaintiffs' NYGBL Claims Should Be Dismissed Because Rubbermaid's Representations Are Not Misleading to a Reasonable Consumer ........................ 9

II.  PLAINTIFFS' BREACH OF WARRANTY CLAIMS FAIL ..................................... 11

   A.  Plaintiffs Failed to Provide Timely Pre-Suit Notice to Rubbermaid .................. 11

   B.  Plaintiff Turk's Express Warranty Claim Also Should Be Dismissed Because She Fails to Allege Defects in Materials or Workmanship .................. 13

   C.  Plaintiffs Lacked Privity with Rubbermaid to Sustain a Breach of Implied Warranty of Merchantability Claim .......................................................... 15

   D.  Plaintiffs' Magnuson-Moss Warranty Act Claim Fails For the Same Reasons As Their State Law Express and Implied Warranty Claims ................. 16

III.  PLAINTIFFS NEGLIGENT MISREPRESENTATION CLAIM FAILS BECAUSE NO SPECIAL RELATIONSHIP WITH RUBBERMAID IS PLED .......... 17

IV.  PLAINTIFFS FAIL TO PLEAD FRAUD CLAIM WITH PARTICULARITY ............. 20

V.  PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED AS DUPLICATIVE OF THEIR OTHER CLAIMS ................................. 22

VI.  PLAINTIFFS LACK ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF BECAUSE THEY CANNOT SHOW AN ACTUAL AND IMMINENT FUTURE INJURY ...................................................................................... 23

CONCLUSION .................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AHW Inv. P'ship v. Citigroup Inc.*,
    980 F. Supp. 2d 510 (S.D.N.Y. 2013), *aff'd sub nom. AHW Inv. P'ship, MFS,
    Inc. v. Citigroup Inc.*, 661 F. App'x 2 (2d Cir. 2016) ............................................................13

*Alce v. Wise Foods, Inc.*,
    No. 17 CIV. 2402 (NRB), 2018 WL 1737750
    (S.D.N.Y. Mar. 27, 2018) ............................................................................................17

*Anschutz Corp. v. Merrill Lynch & Co.*,
    690 F.3d 98 (2d Cir. 2012)............................................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................5

*Barreto v. Westbrae Nat., Inc.*,
    No. 19-CV-9677 (PKC), 2021 WL 76331
    (S.D.N.Y. Jan. 7, 2021)..............................................................14, 15, 16, 17, 18

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................5

*Benson v. Tiffany & Co.*,
    No. 20 CIV. 1289 (KPF), 2021 WL 1864035,
    slip op. (S.D.N.Y. May 10, 2021)..................................................................................3

*Budhani v. Monster Energy Co.*,
    No. 20-CV-1409 (LJL), 2021 WL 1104988
    (S.D.N.Y. Mar. 22, 2021) ............................................................................................15

*Cachillo v. Insmed, Inc.*,
    638 F.3d 401 (2d Cir. 2011)..........................................................................................18

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
    No. 1:20-CV-01291-GHW, 2021 WL 355405
    (S.D.N.Y. Feb. 2, 2021).......................................................................9, 13, 14, 16

*Catalano v. BMW of N. Am., LLC*,
    167 F. Supp. 3d 540 (S.D.N.Y. 2016).........................................................................10

*Colangelo v. Champion Petfoods USA, Inc.*,
    No. 618CV1228LEKML, 2020 WL 777462
    (N.D.N.Y. Feb. 18, 2020) ............................................................................................12

*Colpitts v. Blue Diamond Growers*,
    No. 20 Civ. 2487 (JPC), 2021 WL 981455
    (S.D.N.Y. Mar. 16, 2021) ..............................................................................................9

*Corsello v. Verizon New York, Inc.*,
  18 N.Y.3d 777 (2012) ...................................................................................................17

*Cosgrove v. Oregon Chai, Inc.*,
  No. 19 CIV 10686 (KPF), 2021 WL 706227
  (S.D.N.Y. Feb. 21, 2021) ..............................................................................................12

*DaCorta v. AM Retail Grp., Inc.*,
  No. 16-CV-01748 (NSR), 2018 WL 557909
  (S.D.N.Y. Jan. 23, 2018)...............................................................................................18

*Dashnau v. Unilever Mfg. (US), Inc.*,
  No. 19-CV-10102 (KMK), 2021 WL 1163716
  (S.D.N.Y. Mar. 26, 2021) .........................................................................7, 8, 15, 16, 17

*Diaz v. Paragon Motors of Woodside, Inc.*,
  424 F. Supp. 2d 519 (E.D.N.Y. 2006) ...........................................................................12

*Ebin v. Kangadis Food Inc.*,
  No. 13 CIV. 2311 JSR, 2013 WL 6504547
  (S.D.N.Y. Dec. 11, 2013)........................................................................................11, 12

*Elkind v. Revlon Consumer Prods. Corp.*,
  No. 14-cv-2484, 2015 WL 2344134 (E.D.N.Y. May 14, 2015) ............................................19

*Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
  375 F.3d 168 (2d Cir. 2004).........................................................................................14

*Fermin v. Pfizer Inc.*,
  215 F. Supp. 3d 209 (E.D.N.Y. 2016) ..............................................................................7

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*,
  783 F.3d 395 (2d Cir. 2015).........................................................................................15

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013).......................................................................................7, 8

*Fort Worth Employers' Ret. Fund v. Biovail Corp.*,
  615 F. Supp. 2d 218 (S.D.N.Y. 2009).............................................................................3

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
  No. 12-MD-2413 RRM RLM, 2013 WL 4647512
  (E.D.N.Y. Aug. 29, 2013).......................................................................................10, 16

*Garcia v. Chrysler Gr. LLC*,
  127 F. Supp. 3d 212 (S.D.N.Y. 2015).............................................................................13

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
  8 F.Supp.3d 467 (S.D.N.Y. 2014) ..................................................................................6

*Haag v. Hyundai Motor Am.*,
  294 F. Supp. 3d 102 (W.D.N.Y. 2018) ...........................................................................11

*Hesse v. Godiva Chocolatier, Inc.*,
   463 F. Supp. 3d 453 (S.D.N.Y. 2020)...........................................................17, 18

*Hubbard v. Gen, Motors Corp.*,
   No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)...........................10

*Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*,
   122 A.D.2d 25 (N.Y. App. Div. 1989) ...............................................................11

*Lugones v. Pete & Gerry's Organic, LLC*,
   440 F. Supp. 3d 226 (S.D.N.Y. 2020)...................................................................9

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992).............................................................................................5

*Mazella v. Coca-Cola Co.*,
   No. 7-20-CV-05235-NSR, 2021 WL 2940926
   (S.D.N.Y. July 12, 2021) ....................................................................................8

*Miller v. Hyundai Motor Am.*,
   No. 15-CV-4722 (TPG), 2017 WL 4382339
   (S.D.N.Y. Sept. 29, 2017)..................................................................................10

*Colon ex rel. Molina v. BIC USA, Inc.*,
   199 F. Supp. 2d 53 (S.D.N.Y. 2001)...................................................................11

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*,
   898 F.3d 243 (2d Cir. 2018)..................................................................................3

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016)................................................................................18

*Oden v. Boston Scientific Corp.*,
   330 F. Supp. 3d 877 (E.D.N.Y. 2018) ...............................................................6, 7

*Orange Transp. Servs., Inc. v. Volvo Grp. N. Am., LLC*,
   450 F. Supp. 3d 311 (W.D.N.Y. 2020) ...............................................................11

*Ossining Union Free School Dist. v. Anderson LaRocca Anderson*,
   73 N.Y.2d 417 (N.Y. 1989) ...............................................................................13

*Quinn v. Walgreen Co.*,
   958 F. Supp. 2d 533 (S.D.N.Y. 2013).................................................................10

*Sarr v. BEF Foods, Inc.*,
   No. 18-CV-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) ...........................7

*In re Scotts EZ Seed Litig.*,
   No. 12-CV-4727, 2013 WL 2303727 (S.D.N.Y. May 22, 2013) .........................12

*Segedie v. Hain Celestial Grp., Inc.*,
   No. 14-cv-5029 (NSR), 2015 WL 2168374
   (S.D.N.Y. May 7, 2015)......................................................................................15

*Singleton v. Fifth Generation, Inc.*,
No. 515CV474BKSTWD, 2016 WL 406295
(N.D.N.Y. Jan. 12, 2016) ........................................................................................9

*Stewart v. Jackson & Nash*,
976 F.2d 86 (2d Cir. 1992) .....................................................................................13

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
No. 14-CV-3826 MKB, 2015 WL 5579872
(E.D.N.Y. Sept. 22, 2015) ......................................................................................13

*United States ex rel. Tessler v. City of New York*,
712 Fed. Appx. 27 (2d Cir. 2017) ..........................................................................16

*Troncoso v. TGI Friday's Inc.*,
No. 19 CIV. 2735 (KPF), 2020 WL 3051020
(S.D.N.Y. June 8, 2020) ...........................................................................................7

*Wedra v. Cree, Inc.*,
No. 19 CV 3162 (VB), 2020 WL 1322887
(S.D.N.Y. Mar. 20, 2020) .......................................................................................17

**Statutes**

Magnuson-Moss Warranty Act ("MMWA") .................................................................2, 12, 13

N.Y. Gen. Bus. Law § 349 ...............................................................................................2

N.Y. Gen. Bus. Law § 350 ...............................................................................................2

N.Y. U.C.C. Law § 2-607(3)(a) .........................................................................................9

**Rules**

Fed. R. Civ. P. 8 ..............................................................................................................1

Fed. R. Civ. P. 9(b) ...........................................................................................1, 3, 15, 16

Fed. R. Civ. P. 12(b)(1) ................................................................................1, 2, 5, 17, 19

Fed. R. Civ. P. 12(b)(6) ................................................................................1, 2, 5, 15, 19

**Other Authorities**

*Individual Rules of Practice of the Hon. Kenneth M. Karas*
(Feb. 5, 2020) at § II(A) .........................................................................................3

U.S. Constitution Article III ...................................................................................1, 5, 18

Defendant Rubbermaid Incorporated ("Rubbermaid") respectfully moves to dismiss the First Amended Complaint filed by Plaintiffs Lori Marie Turk and Luann Rutherford ("Plaintiffs") on June 16, 2021, pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6).  Plaintiffs amended the original Complaint in response to Rubbermaid's Pre-Motion Conference Letter filed on May 24, 2021 (Dkt. No. 11).  But, as argued at the Pre-Motion Conference relating to the Amended Complaint held on August 2, 2021, Plaintiffs failed to cure the fundamental defects of the original Complaint.[1]  Plaintiffs thus still fail to state a claim for each of their five causes of action as a matter of law.  In addition, they lack Article III standing to pursue injunctive relief.  This Motion is based on the following memorandum of law, the pleadings and papers on file, and such other matters that may be presented to the Court at a hearing on the motion.

## INTRODUCTION

Rubbermaid sells a variety of household items, including the coolers for food and beverage storage at issue in this action.  The coolers come with ice retention ratings expressed in a number of days.  These ratings are determined in controlled laboratory conditions by filling a cooler with a fixed amount of ice, closing the lid, and placing it in a 90-degress-Fahrenheit oven to simulate a warm outdoor environment.  The cooler's ice retention level is the amount of time that it takes for the ice to melt under these controlled conditions.  Ice retention ratings allow consumers to make apples-to-apples comparisons as to how different coolers perform under defined conditions.  Because cooler performance will vary according to usage and environmental conditions, however, Rubbermaid does not guarantee that its coolers will achieve the same ice retention results in all real-world settings—nor would such a guarantee be possible, or useful to all consumers.

---

[1]     Among other things, the Amended Complaint added a new Plaintiff, Luann Rutherford, but her addition does nothing to rescue the pleading from its inherent flaws.

Plaintiff Turk alleges that she purchased a Rubbermaid Marine Cooler – 102 quart (the "Marine Cooler") at a Walmart in New York.  FAC ¶ 41.  Plaintiff Rutherford alleges that she purchased a Rubbermaid DuraChill Cooler – 45 quart (the "DuraChill Cooler") at a CVS in New York.  FAC ¶ 43.  Plaintiffs claim that both the Marine Cooler and DuraChill Cooler (collectively, the "Coolers") "failed to retain ice for five days and did not even keep food safe—below 40 degrees Fahrenheit—beyond two days."  FAC ¶ 45.  On behalf of a putative New York class of persons who purchased the Coolers, Plaintiffs assert claims for violation of Sections 349 and 350 of New York General Business Law ("NYGBL") (Count I); breach of express warranty, breach of implied warranty of merchantability, and violation of the Magnuson-Moss Warranty Act (Count II); negligent misrepresentation (Count III); fraud (Count IV); and unjust enrichment (Count V).  For the reasons set forth below, however, none of Plaintiffs' claims can survive scrutiny under Rules 12(b)(6) and 12(b)(1), so the First Amended Complaint should be dismissed in its entirety.

First, Plaintiffs fail to state a claim under the NYGBL because they fail to allege that they saw the allegedly misleading statements prior to purchasing the Coolers.  Further, Rubbermaid's representations are not misleading to a reasonable consumer.

Second, Plaintiffs failed to provide Rubbermaid with the pre-litigation notice of the claimed defect required under New York law to assert an express warranty claim.  Plaintiff Turk further failed to allege any defect with the Marine Cooler that is covered by the express warranty for that product.  Plaintiffs also fail to state a claim for breach of implied warranty of merchantability because they did not purchase the products directly from Rubbermaid.  New York law requires privity between the plaintiff and the defendant to sustain this cause of action for alleged economic losses.  Because Plaintiffs' state-law breach of express and implied warranty claims fail, so does their Magnuson-Moss Warranty Act claim.

Third, Plaintiffs have not stated a claim for negligent misrepresentation because they allege no special relationship with Rubbermaid required to sustain this claim under New York law.

Fourth, Plaintiffs fail to satisfy the heightened pleading requirements under Rule 9(b) for their fraud claim because they fail to plead with particularity any factual basis that gives rise to a strong inference of fraudulent intent.

Fifth, Plaintiffs' unjust enrichment claim fails because it is duplicative of their other claims.

Sixth, Plaintiffs lack constitutional standing to seek injunctive relief because they cannot show an actual and imminent future injury.

For these reasons and as set forth in more detail below, Plaintiffs' First Amended Complaint should be dismissed in its entirety and with prejudice.[2]

## **BACKGROUND**

Plaintiffs allege that they purchased their Coolers "between 2019 and 2020" at a Walmart (Plaintiff Turk) and a CVS (Plaintiff Rutherford) in New York. FAC ¶¶ 41, 43. Plaintiffs allege that Home Depot's website—not Rubbermaid's or Walmart's website—states that the Marine

---

[2]     The Second Circuit has held that "[w]hen a plaintiff [is] aware of the deficiencies in his complaint when he first [amends it], he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) (internal quotations omitted). That is exactly the case here. Rubbermaid's May 24, 2021, Pre-Motion Conference Letter (Dkt. No. 11) highlighted the same deficiencies as this Motion, so Plaintiffs should not be given a second chance to amend. *See Benson v. Tiffany & Co.*, No. 20 CIV. 1289 (KPF), 2021 WL 1864035, slip op. at *15 (S.D.N.Y. May 10, 2021) (dismissing amended complaint with prejudice where plaintiff had previously amended complaint with the benefit of a pre-motion letter from defendant); *Individual Rules of Practice of the Hon. Kenneth M. Karas* (Feb. 5, 2020) at § II(A) ("If a complaint is ultimately dismissed on the grounds set forth in the movant's initial letter, it may be dismissed **with prejudice** as the nonmovant already had a chance to research the movant's arguments and amend as needed.") (emphasis in original). Further, any amendment would be futile because the flaws in Plaintiffs' First Amended Complaint are substantive and, therefore, incurable. *See Fort Worth Employers' Ret. Fund v. Biovail Corp.*, 615 F. Supp. 2d 218, 233 (S.D.N.Y. 2009) (dismissing amended complaint with prejudice because plaintiff already had amended the complaint once and the flaws in the pleading were incurable).

Cooler keeps ice "up to 5 days at 90º F."  *Id.* ¶ 9.  They further allege, generally, that statements "online and through labeling affixed to" the DuraChill Cooler indicate "it will retain ice for '5 days.'"  *Id.* ¶ 10.  Plaintiffs also acknowledge that the DuraChill Cooler states that the ice retention is measured "at 90 degrees Fahrenheit and 'under test conditions.'"  *Id.* ¶ 13.

Plaintiffs claim that the ice retention claims on the Coolers are false, deceptive, and misleading (*id.* ¶¶ 15, 60) because the Coolers "failed to retain ice for five days and did not even keep food safe—below 40 degrees Fahrenheit—beyond two days."  *Id.* ¶ 45.  There is no allegation in the First Amended Complaint of when, how, or, perhaps most importantly, in what environmental conditions Plaintiffs used the Coolers.  *See generally id.*  Plaintiffs only allege that they used the Coolers for "typical events, such as birthday parties, outdoor gatherings, picnics and/or barbecues."  *Id.* ¶ 46.

Plaintiffs allege that Rubbermaid "received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers" (*id.* ¶ 68), but fail to allege that **they themselves** provided notice to Rubbermaid of their particular claims with respect to the Coolers they purchased.  *See generally id.*  Plaintiffs also allege, in contradictory fashion and seemingly unaware of what they actually have done, that they "provided or will provide notice" to Rubbermaid.  *Id.* ¶ 67.  Further, Plaintiffs concede that the Coolers have an express limited warranty from the date of original purchase that it will be free from defects in material and workmanship.  *Id.* ¶ 11.  But Plaintiff Turk fails to allege any defects in material or workmanship in the Marine Cooler.  *See generally id.*

Plaintiffs allege that, had they known about the alleged misrepresentations and omissions regarding the Coolers' ice retention, they would not have "bought," "purchased," or "used" the

Coolers.  *Id.* ¶¶ 31, 62, 70, 75.  They also allege that Rubbermaid's "fraudulent intent is evinced by its knowledge that the Products' abilities were not consistent with its representations."  *Id.* ¶ 77.

Based on the foregoing, Plaintiffs assert claims on behalf of a putative New York class of consumers who purchased the Coolers, and seek declaratory, injunctive, and compensatory relief.  *Id.* ¶ 49 & Prayer at ¶¶ 2-4.

## ARGUMENT

Plaintiffs fail to state a claim upon which relief can be granted for any of their causes of action.  To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Legal conclusions, "formulaic recitation[s]" of a claim's elements, and "naked assertion[s]" of liability are insufficient to state a claim.  *Id.*  Plaintiffs' allegations in this case fall short of this pleading standard and fail to make out a *prima facie* case for any of their causes of action as a matter of law.

Plaintiffs also have failed to establish that they have constitutional standing to obtain injunctive relief.  Rule 12(b)(1) requires dismissal for lack of subject-matter jurisdiction when plaintiffs do not have standing to assert their claims.  "Each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  A Rule 12(b)(1) motion to dismiss must be granted unless the plaintiff alleges sufficient facts to plausibly satisfy the standing requirements of Article III of the U.S. Constitution.  *Id.* at 560-61.  Plaintiffs here have failed to do so here.

# I.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE NYGBL.

## A.   Plaintiffs' NYGBL Claims Should Be Dismissed Because They Fail to Allege That They Saw the Supposedly Misleading Statements Before Purchasing the Coolers.

Claims under the NYGBL require facts illustrating "a causal connection between some injury to plaintiffs and some misrepresentation made by defendants." *Oden v. Boston Scientific Corp.*, 330 F. Supp. 3d 877, 902 (E.D.N.Y. 2018), *adhered to on reconsideration*, No. 18CV0334SJFSIL, 2019 WL 1118052, at *3 (E.D.N.Y. Mar. 11, 2019).   To properly allege causation, "a plaintiff must state in his complaint that he has *seen* the misleading statements of which he complains before he came into possession of the products he purchased." *Id.* (emphasis added) (citing *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F.Supp.3d 467, 480 (S.D.N.Y. 2014)).

Plaintiffs here fail to satisfy this requirement.  While they generally set forth statements contained on the Coolers (FAC ¶¶ 9-10, 12-13), Plaintiffs do not state that they actually *saw* or were *aware* of any statement on the Coolers before purchasing them.  *See generally id.*  Plaintiffs' vague allegations that they "relied on representations on the [Coolers] and on websites selling the [Coolers], including Walmart, Amazon and/ or Home Depot" (FAC ¶¶ 42, 44) are nothing more than an artful attempt to get around the NYGBL's pleading requirements.[3]  If Plaintiffs actually saw the statements on the Coolers before purchasing them, they could have alleged that fact, particularly since Rubbermaid expressly raised the point in its May 24, 2021, Pre-Motion Conference Letter.  Dkt. No. 11 at 1-2.  That Plaintiffs still fail to make any such allegation in their

---

[3]   Rubbermaid anticipates that Plaintiffs may argue that the NYGBL does not require *reliance* on a statement.  That is not the point Rubbermaid makes here.  Rather, as demonstrated in *Oden*, a plaintiff must at least plead the baseline fact that she *saw* the statements.  Plaintiffs here failed to do so.

First Amended Complaint is telling.  Further, even if Plaintiffs did see these statements, they fail to specify where, when, and how they came to view them.  In other words, "the relevant factual background … is simply lacking."  *Oden*, 330 F. Supp. 3d at 902.  Accordingly, Plaintiffs' NYGBL claim fails and must be dismissed.  *See id.* (dismissing plaintiff's claims under the NYGBL for failure to sufficiently plead causation); *Troncoso v. TGI Friday's Inc.*, No. 19 CIV. 2735 (KPF), 2020 WL 3051020, at *8 n.7 (S.D.N.Y. June 8, 2020) (plaintiff "must allege that she saw the misleading statement of which she complains before she purchased or came into possession" of the product in order to plead claim under the NYGBL).

### B.   Plaintiffs' NYGBL Claims Should Be Dismissed Because Rubbermaid's Representations Are Not Misleading to a Reasonable Consumer.

To prove that conduct is materially misleading as required under the NYGBL, a plaintiff must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled."  *Dashnau v. Unilever Mfg. (US), Inc.*, No. 19-CV-10102 (KMK), 2021 WL 1163716, at *9 (S.D.N.Y. Mar. 26, 2021) (Karas, J.) (citing *Sarr v. BEF Foods, Inc.*, No. 18-CV-6409, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020)).  It is well established that "a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."  *Id.* (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)) (internal quotations omitted).  In doing so, courts "must consider the entire context" of the label.  *Sarr*, 2020 WL 729883, at *3 (citing *Fermin v. Pfizer Inc.*, 215 F. Supp. 3d 209, 211 (E.D.N.Y. 2016)) (internal quotations omitted).

Rubbermaid's representations are not misleading to a reasonable consumer as a matter of law.  As Plaintiffs concede, the Marine Cooler—at least according to the Home Depot website—will keep ice "***Up to*** 5 Days at 90º F" – a ***maximum*** period of time.  FAC ¶ 9 (emphasis added).  And the DuraChill Cooler label plainly states that the ice retention is measured "***under test***

*conditions*" (FAC ¶¶ 10, 13) (emphasis added).  These clarifying statements or disclaimers defeat Plaintiffs' deception-based claims because they cannot reasonably be understood to mean, and no consumer who reads them could interpret them to mean, that the Coolers will "retain ice *for* five days" under *any conditions* or "keep food at temperatures at which it could be safely consumed" for five days under *any conditions*.  FAC ¶¶ 58-59 (emphasis added).  In fact, Plaintiffs themselves admit that "real world conditions involve users opening and closing the cooler, which lets cold air escape and warm air in, and significantly impacts the ice retention abilities."  FAC ¶ 14.  This underscores that no reasonable consumer who reads the disclaimers on the Coolers would understand the language to mean—let alone expect—that the Coolers will perform identically under varying conditions.

Rubbermaid's disclaimers account for the fact that cooler performance will vary according to usage and environmental conditions and make clear that cooler performance may be different than under test conditions.  Accordingly, Plaintiffs' claims under NYGBL fail and must be dismissed.  *See*, *e.g.*, *Fink*, 714 F.3d at 742 ("the presence of a disclaimer or similar clarifying language may defeat a claim of deception"); *Mazella v. Coca-Cola Co.,* No. 7-20-CV-05235-NSR, 2021 WL 2940926, at *3 (S.D.N.Y. July 12, 2021) ("Courts have also found that the presence of a disclaimer or similar clarifying language … may defeat a claim of deception.  [Citation]  Thus, where the allegedly deceptive practice is fully disclosed, there is no deception claim."); *Dashnau*, 2021 WL 1163716, at *7-8 (dismissing NYGBL claim for failure to allege material misrepresentation that would deceive a reasonable consumer).

## II.    PLAINTIFFS' BREACH OF WARRANTY CLAIMS FAIL.

### A.    Plaintiffs Failed to Provide Timely Pre-Suit Notice to Rubbermaid.

To state a claim for breach of express warranty under New York law, a buyer must provide a seller with timely notice of an alleged breach.  N.Y. U.C.C. Law § 2-607(3)(a); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244-45 (S.D.N.Y. 2020).  Plaintiffs' allegations that they "provided or will provide notice" (FAC ¶ 67) and that Rubbermaid "received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers" (*id.* ¶ 68) do not suffice because they do not allege that Rubbermaid received notice *of their particular claims*.  *Singleton v. Fifth Generation, Inc.*, No. 515CV474BKSTWD, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("[T]he fact that Defendant may have been aware of similar claims involving [the labels] did not put Defendant on notice of Plaintiff's particular claims.  As the buyer of the [product] in this case, Plaintiff was required to inform Defendant, within a reasonable time, of the alleged breach involving his own purchase.").

In fact, a court within this District recently dismissed a breach of express warranty claim with prejudice based upon virtually identical allegations.  *Colpitts v. Blue Diamond Growers*, No. 20 Civ. 2487 (JPC), 2021 WL 981455, at *16 (S.D.N.Y. Mar. 16, 2021) (plaintiff's allegations that he "provided or will provide notice" and "Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers" were insufficient to satisfy the essential notice requirement).[4]  As that court noted, "if Plaintiff[s] had provided notice, [they] could have written that, rather than pleading, in essence, both that [they] did provide notice, and that [they] did not do so but will in the future."  *Id.* (citing *Campbell v. Whole Foods Mkt. Grp., Inc.*, No. 1:20-CV-01291-GHW, 2021 WL 355405 (S.D.N.Y. Feb. 2, 2021)).  Surely,

---

[4]      Plaintiffs' counsel in this case also was the plaintiff's counsel in *Colpitts*.

Plaintiffs must know whether they did or did not provide notice to Rubbermaid of the supposed breach of its express warranty. Their attempt to evade the pre-suit notice requirement by vaguely pleading both that they did and did not provide notice is transparent and, more importantly, insufficient under New York law.

New York law is clear: Plaintiffs' failure to allege that they provided notice to Rubbermaid requires dismissal of their breach of express warranty claim. *See Quinn v. Walgreen Co.,* 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing breach of warranty claims for failure to allege timely notice); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *21 (E.D.N.Y. Aug. 29, 2013) (same); *Hubbard v. Gen, Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996) ("Complaint lacks any allegations that plaintiff notified the seller of the claimed defect. Accordingly, the Court grants defendant's motion to dismiss plaintiff's claims for breach of … warranty for failure to allege notice.").

### B.  Plaintiff Turk's Express Warranty Claim Also Should Be Dismissed Because She Fails to Allege Defects in Materials or Workmanship.

Plaintiffs allege the terms of the express warranty that Rubbermaid included with the Coolers:

> **RUBBERMAID 1 YEAR LIMITED WARRANTY**
> Rubbermaid warrants to the original owner that this product is free from defects in material and workmanship for a period of one year from the date of the original purchase. If this product is defective when used as intended under normal household conditions within the specified period, Rubbermaid will replace the product, and send a replacement part or issue a refund (at our option) when the consumer provides a proof of purchase (either a bill of sale, receipt invoice, or other proof that the product is within the warranty period), along with a full description of the defects [.]

FAC ¶ 11. "[A] warranty that protects against defects in materials or workmanship covers manufacturing defects, but not design defects." *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 554 (S.D.N.Y. 2016). "The critical difference between manufacturing defects and design defects is the intention of the manufacturer." *Miller v. Hyundai Motor Am.*, No. 15-CV-4722

(TPG), 2017 WL 4382339, at *4 (S.D.N.Y. Sept. 29, 2017).  "To assert a manufacturing defect, 'the plaintiff must show that a specific product unit was defective.'"  *Orange Transp. Servs., Inc. v. Volvo Grp. N. Am., LLC*, 450 F. Supp. 3d 311, 318 (W.D.N.Y. 2020) (quoting *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001)).

Notwithstanding the explicit language of the warranty, Plaintiff Turk fails to allege that the Marine Cooler was defective in materials or workmanship.  She instead appears to allege that it is inherently defective.[5]  Because Plaintiff Turk has not alleged any defect that actually is covered by the warranty, however, her breach of express warranty claim should be dismissed.  *See Haag v. Hyundai Motor Am.*, 294 F. Supp. 3d 102, 105 (W.D.N.Y. 2018) ("where a plaintiff … relies on allegations and/or evidence that the claimed defects are common to an entire class of [products] based on their design, rather than the result of an error in the manufacturing process … the plaintiff cannot prevail on an express warranty claim concerning materials and workmanship").[6]

### C.    Plaintiffs Lacked Privity with Rubbermaid to Sustain a Breach of Implied Warranty of Merchantability Claim.

Under New York law, a claim for economic loss based on breach of an implied warranty of merchantability "requires a showing of privity between the manufacturer and the plaintiff." *Ebin v. Kangadis Food Inc.*, No. 13 CIV. 2311 JSR, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) ; *Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*, 122 A.D.2d 25, 26 (N.Y. App. Div. 1989) ("It is now settled that no implied warranty will extend from a manufacturer to a remote purchaser not in privity with the manufacturer where only economic loss and not personal injury

---

[5]    The original Complaint alleged that Rubbermaid's coolers are "inherently defective." Compl. ¶ 91.

[6]    Plaintiff Rutherford makes vague allegations about "issues with the hinges" on her DuraChill Cooler.  FAC ¶ 47.  But that is of no matter because her express warranty claim still must be dismissed for failure to provide pre-suit notice.

is alleged ….”); *see also In re Scotts EZ Seed Litig.*, No. 12-CV-4727, 2013 WL 2303727, at *8 (S.D.N.Y. May 22, 2013) (“courts have expressed a policy against holding manufacturers liable to end-consumers under a theory of implied warranty where the parties are not in privity”).

Plaintiffs here purchased their Coolers from Walmart and CVS.  FAC ¶¶ 41, 43.  They thus cannot claim privity with Rubbermaid, and their implied warranty cause of action should be dismissed.  *See Cosgrove v. Oregon Chai, Inc.*, No. 19 CIV 10686 (KPF), 2021 WL 706227, at *16 (S.D.N.Y. Feb. 21, 2021) (dismissing implied warranty of merchantability claim for lack of privity where plaintiffs acknowledged that they did not obtain the product directly from the defendant); *Colangelo v. Champion Petfoods USA, Inc.*, No. 618CV1228LEKML, 2020 WL 777462, at *12 (N.D.N.Y. Feb. 18, 2020) (dismissing implied warranty of merchantability claim for lack of privity where plaintiff purchased the product from third-party retailer).

**D.   Plaintiffs' Magnuson-Moss Warranty Act Claim Fails For the Same Reasons As Their State Law Express and Implied Warranty Claims.**

The Magnuson-Moss Warranty Act (“MMWA”) “incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages.”  *Cosgrove*, 2021 WL 706227, at *16 (citing *Ebin*, 2013 WL 6504547, at *3) (internal citations omitted).  In other words, the MMWA does not create any additional bases for liability, but rather “allows consumers to recover damages under existing state law.”  *See Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006).

Here, Plaintiffs premise their MMWA claim on the same theory as their state law breach of express warranty and breach of implied warranty of merchantability claims.  FAC ¶¶ 63-70. Accordingly, Plaintiffs' MMWA claim fails for the same reasons set forth above that their state-law breach of express warranty and breach of implied warranty of merchantability claims fail. *Garcia v. Chrysler Gr. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) (“To state a claim under

the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law."). Thus, Plaintiffs' MMWA claim must be dismissed.

## III.   PLAINTIFFS NEGLIGENT MISREPRESENTATION CLAIM FAILS BECAUSE NO SPECIAL RELATIONSHIP WITH RUBBERMAID IS PLED.

Plaintiffs' negligent misrepresentation cause of action fails because Plaintiffs do not, and cannot, allege that Rubbermaid "had a duty, as a result of a special relationship, to give correct information" to them. *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). To plead a special relationship sufficient to sustain a negligent misrepresentation claim, a plaintiff must allege a relationship of trust or confidence akin to a privity-like relationship. *Stewart v. Jackson & Nash*, 976 F.2d 86, 90 (2d Cir. 1992); *AHW Inv. P'ship v. Citigroup Inc.*, 980 F. Supp. 2d 510, 524 (S.D.N.Y. 2013), *aff'd sub nom. AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*, 661 F. App'x 2 (2d Cir. 2016); *Ossining Union Free School Dist. v. Anderson LaRocca Anderson*, 73 N.Y.2d 417, 419 (N.Y. 1989) (negligent misrepresentation requires "that the underlying relationship between the parties be one of contract or the bond between them so close as to be the functional equivalent of contractual privity").

Here, because Plaintiffs purchased the Coolers from third-party retailers, they lack ***any*** relationship with Rubbermaid.  FAC ¶¶ 41, 43.  Rubbermaid's status as the manufacturer of the products alone is insufficient to establish a special relationship.  *See Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015) (no special relationship with defendant manufacturer).  Indeed, even if Plaintiffs purchased the product directly from Rubbermaid (they did not), to establish the existence of a special relationship in the commercial context, plaintiffs must show a closer degree of trust between the parties than that of the ordinary buyer and seller.  *Campbell v. Whole Foods Market Group, Inc.*, No. 1:20-CV-01291-GHW, 2021 WL 355405, at *12 (S.D.N.Y. Feb. 2, 2021) (dismissing

negligent misrepresentation claim involving a basic commercial transaction because it did not give rise to a special relationship).  Plaintiffs do not, and cannot, make any such claim.

Along the same lines, a claim of negligent misrepresentation is not permitted where, as here, the plaintiffs and the putative class are members of a mass audience of consumers, with no direct relationship to the defendant.  *See Barreto v. Westbrae Nat., Inc.*, No. 19-CV-9677 (PKC), 2021 WL 76331, at *7 (S.D.N.Y. Jan. 7, 2021) ("To plead a special relationship, plaintiffs must show they were a known party or parties ….  Being one of a class of potential recipients of a statement will not suffice.") (quotation marks omitted).

The Second Circuit previously has held that a sparsely pled special relationship "is not fatal to a claim for negligent misrepresentation where the complaint ***emphatically alleges*** … the person making the representation holds 'unique or special expertise' and … [is] 'aware of the use to which the information would be put and supplied it for that purpose.'"  *Barreto*, 2021 WL 76331, at *7 (citing *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004)) (emphasis added).  Plaintiffs thus attempt to satisfy the special relationship requirement by alleging that Rubbermaid held "itself out as having special knowledge and experience in [the sale of coolers]." FAC ¶ 72.  But this bare-bones assertion fails to "emphatically allege" facts that might show that Rubbermaid has "unique or special expertise" to support the existence of a duty.  *See also Campbell*, 2021 WL 355405, at *11 n.8 (disregarding conclusory allegation that "duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/ or sale of the product or service type").  In fact, in a recent decision, a court within this District held that conclusory allegations that the defendant "held itself out as having special knowledge and experience," which are identical to Plaintiffs' allegations (FAC ¶ 72), are insufficient to adequately allege a unique or special relationship to

- 14 -

establish a duty to give correct information. *Budhani v. Monster Energy Co.*, No. 20-CV-1409 (LJL), 2021 WL 1104988, at *10 (S.D.N.Y. Mar. 22, 2021).  And, of course, Plaintiffs fail to plead anything at all with respect to the second factor—Rubbermaid's awareness of the use to which the information would be put.  Where, as here, "a special relationship is ***nowhere*** pled and the allegations with respect to [the other two] factors are soft, a claim for negligent misrepresentation is dismissible under Rule 12(b)(6)." *Dashnau*, 2021 WL 1163716, at *8 (emphasis added) (internal quotation marks omitted); *Barreto*, 2021 WL 76331, at *7 (internal quotation marks omitted).

Plaintiffs' negligent misrepresentation claim therefore should be dismissed for failure to plead a special relationship with Rubbermaid.  *See Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029 (NSR), 2015 WL 2168374, at *14 (S.D.N.Y. May 7, 2015) (dismissing negligent misrepresentation claim for failure to plead any cognizable special relationship).

## IV.   PLAINTIFFS FAIL TO PLEAD FRAUD CLAIM WITH PARTICULARITY.

The Court should dismiss Plaintiffs' common law fraud cause of action because their boilerplate and conclusory allegations do not meet the heightened pleading standard required under Rule 9(b).  "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402–03 (2d Cir. 2015).  In federal court, Rule 9(b) requires a plaintiff to plead fraud with particularity. *Id.; Barreto*, 2021 WL 76331, at *7.  While a plaintiff may allege scienter generally, "the Second Circuit has repeatedly required plaintiffs to plead the factual basis which gives rise to

- 15 -

*a strong inference* of fraudulent intent." *Id.* (*citing United States ex rel. Tessler v. City of New York*, 712 Fed. Appx. 27, 29 (2d Cir. 2017)) (emphasis added).

Here, the First Amended Complaint is devoid of any allegations sufficient to establish a strong inference of fraudulent intent. Plaintiffs allege only that Rubbermaid's "fraudulent intent is evinced by its knowledge that the Products' abilities were not consistent with its representations." FAC ¶ 77. But alleging knowledge that a statement is incorrect or that it would mislead consumers (which Rubbermaid does not admit here) is insufficient to plead fraudulent *intent*. *See Dashnau*, 2021 WL 1163716, at *9 ("Plaintiffs' fraud claim must be dismissed for failure to plead facts that 'give[] rise to a strong inference of fraudulent intent' …. [where] Plaintiffs allege in conclusory fashion that 'Defendant's fraudulent intent is evinced by its failure to accurately identify the products on the front labels, when it knew its statements were neither true nor accurate and could mislead consumers'"); *Campbell*, 2021 WL 355405, at *12 (dismissing fraud claim where "Plaintiff's only allegation about Defendant's intent is that 'Defendant's fraudulent intent is evinced by its failure to accurately identify the Products on the front label when it knew this was not true'").

Similarly, allegations of a generalized motive to increase sales and profits—such as Plaintiff's claim that Rubbermaid received "additional profits at the expense of consumers" (FAC ¶ 30)—are insufficient to plead fraudulent intent. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *25 (generalized motive to satisfy consumers' desires and increase sales and profits does not support a strong inference of fraudulent intent).

Plaintiffs have pled only generic and conclusory facts in support of their cause of action for fraud. This is insufficient under Rule 9(b), so the Court should dismiss this claim.

## V.      PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED AS DUPLICATIVE OF THEIR OTHER CLAIMS.

Plaintiffs cannot sustain an equitable claim for unjust enrichment because it merely duplicates their other causes of action in contract and tort.   Under New York law, "unjust enrichment is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."   *Barreto*, 2021 WL 76331, at *8 (*citing Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012)) (internal quotations omitted).   This claim is "not available where it simply duplicates, or replaces, a conventional contract or tort claim."   *Wedra v. Cree, Inc.*, No. 19 CV 3162 (VB), 2020 WL 1322887, at *11 (S.D.N.Y. Mar. 20, 2020) (*citing Corsello*, 18 N.Y.3d at 790).   Further, unjust enrichment cannot serve as a backstop to remedy the other claims' defects.   *Dashnau*, 2021 WL 1163716, at *10; *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 473-74 (S.D.N.Y. 2020).

Here, Plaintiffs fail to distinguish their unjust enrichment claim from their other causes of action.   FAC ¶ 78.   Thus, the claim is duplicative and should be dismissed.   *See*, *e.g.*, *Dashnau*, 2021 WL 1163716, at *9 (dismissing unjust enrichment claim as duplicative of NYGBL claim); *Hesse*, 463 F. Supp. 3d at 473-74 (dismissing unjust enrichment claim relying on the same factual allegations and the same theory of liability as other claims); *Wedra*, 2020 WL 1322887, at *11 (dismissing unjust enrichment claim as duplicative of other claims rooted in statutory, contract, and tort law); *Alce v. Wise Foods, Inc.*, No. 17 CIV. 2402 (NRB), 2018 WL 1737750, at *11 (S.D.N.Y. Mar. 27, 2018) (dismissing unjust enrichment claim as duplicative of tort and NYGBL claims).

## VI.   PLAINTIFFS LACK ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF BECAUSE THEY CANNOT SHOW AN ACTUAL AND IMMINENT FUTURE INJURY.

It is well-settled that a plaintiff must show three elements to establish standing:  injury in fact, causation, and redressability.  *Cachillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011).  "A plaintiff seeking to represent a class must personally have standing" to pursue "***each form*** of relief sought."  *Barreto*, 2021 WL 76331, at *9 (*citing Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (citations omitted)) (emphasis added).  In addition, the plaintiff ***also*** must establish a "real or immediate threat that the plaintiff will be wronged again."  *Id.*  "Past injuries … do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that [he] is likely to be harmed again in the future in a similar way."  *Id.* (*citing Nicosia*, 834 F.3d at 239).

Here, Plaintiffs allege that, had they known about the supposed misrepresentations and omissions with respect to the Coolers, they would not have "purchased," "bought," or "used" the Products.  FAC ¶¶ 31, 62, 70, 75.  These ***retrospective*** allegations concede that Plaintiffs do not intend to purchase Rubbermaid coolers in the future.  *See DaCorta v. AM Retail Grp., Inc.,* No. 16-CV-01748 (NSR), 2018 WL 557909, at *4 (S.D.N.Y. Jan. 23, 2018) ("claim that [plaintiff] would not have purchased the [product] but for [defendant's] misrepresentations … is effectively a concession that [plaintiff] does not intend to purchase the product in the future.") (citations omitted).

Because of the knowledge that they now have, Plaintiffs cannot plausibly claim that they will be deceived into purchasing Rubbermaid Coolers again.  "As many courts have explained, because a plaintiff in a false advertisement case has ***necessarily*** become aware of the alleged misrepresentations, there is no danger that they will again be deceived by them."  *Hesse*, 463 F.

- 18 -

Supp. 3d at 465 (citing *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-cv-2484, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015)) (emphasis added and quotations omitted).

Plaintiffs thus can show no real or immediate threat of future injury sufficient to confer standing.  The Court therefore should dismiss Plaintiffs' claims seeking injunctive relief.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed in its entirety and with prejudice for failure to state a claim under Rule 12(b)(6).  In addition, Plaintiffs' claims for injunctive relief should be dismissed with prejudice for lack of subject-matter jurisdiction under Rule 12(b)(1).

Dated:      August 20, 2021

Respectfully submitted,

**SCHIFF HARDIN LLP**

By: /s/ Brett F. Clements
_____

    Brett F. Clements (BC6262)
    Jeffrey D. Skinner (*pro hac vice*)
    901 K Street NW, Suite 700
    Washington, DC 20001
    Telephone:   202.778.6400
    Facsimile:   202.778.6460
    bclements@schiffhardin.com
    jskinner@schiffhardin.com

    *Attorneys for Defendant Rubbermaid Incorporated*