UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI MARIE TURK *and* LUANN
RUTHERFORD, individually and on behalf
of all others similarly situated,

                           Plaintiffs,

    v.

RUBBERMAID INCORPORATED,

                           Defendant.

No. 21-CV-270 (KMK)

<u>OPINION & ORDER</u>

KENNETH M. KARAS, United States District Judge:

On March 21, 2022, the Court granted Defendant's Motion To Dismiss. (*See* Dkt.
No. 32.) The Court dismissed Plaintiffs' claims without prejudice—with the exception of
Plaintiffs' claim for injunctive relief, which the Court dismissed with prejudice—and gave
Plaintiffs 30 days to file an amended complaint addressing the deficiencies identified in the
Opinion & Order, warning Plaintiffs that failure to abide by the 30-day deadline would result in
dismissal of the Action with prejudice. (*See id.*) Plaintiffs have declined to file an amended
complaint. (*See* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute. *See* FED. R. CIV. P.
41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be
involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court
order." *Id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to
dismiss for failure to prosecute, it has long been recognized that a district court has the inherent
authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*,
239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "'a harsh remedy that should be utilized only in extreme situations,'" *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (summary order) (quoting *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009)).  Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Simmons v. Mason*, No. 17-CV-8886, 2021 WL 1164573, at *2–3 (S.D.N.Y. Mar. 26, 2021) (same).  No single factor is dispositive.  *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this Action.  Plaintiffs were offered the opportunity to file an amended complaint over a month ago, and were warned that failure to file an amended complaint would result in dismissal with prejudice.  (*See* Dkt. No. 32.)  Plaintiffs have not filed an amended complaint.  (*See* Dkt.)  Accordingly, Plaintiffs' case is dismissed without prejudice for failure to prosecute.  *See Wood v. Byrd*, No. 16-CV-8142, 2021 WL 4311346, at *2 (S.D.N.Y. Sept. 21, 2021) (dismissing case for failure to prosecute after the plaintiff failed to comply with three separate orders to file an amended complaint, even after extensions of time); *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3887614, at *1–2 (S.D.N.Y. Aug. 31, 2021) (dismissing case for failure to prosecute where

"[the] [p]laintiff . . . failed to comply with [the court's orders] and has not communicated with the [c]ourt" in four months); *DeJesus-Vasquez v. Bethencourt*, No. 19-CV-967, 2021 WL 3540553, at *2 (S.D.N.Y. Aug. 10, 2021) (dismissing case for failure to prosecute where the plaintiff "was instructed at least five times that a failure to file an amended complaint or to show cause as to why this case should not be dismissed may result in dismissal," and failed to do so).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   April 26, 2022
         White Plains, New York

———————————————————
     KENNETH M. KARAS
  United States District Judge